IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHASTIDY LEAR, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | CLASS/COLLECTIVE ACTION |
| | : | |
| SHADY OAK ENTERPRISES, INC. (d.b.a. Premier Finance Adjustors), | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Chastidy Lear ("Plaintiff") brings this "hybrid" class/collective lawsuit against Shady

Oak Enterprises, Inc. (d.b.a. Premier Finance Adjustors) ("Defendant"), seeking unpaid overtime

wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and the

Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  Plaintiff's FLSA

claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is

asserted as a class action under Federal Rule of Civil Procedure 23.  *See Knepper v. Rite Aid*

*Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same

lawsuit).  Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the FLSA claim per 28 U.S.C. §

1331.

2.      This Court has subject matter jurisdiction over the PMWA claim per 28 U.S.C. §

1367.

3.      Venue is proper per 28 U.S.C. § 1391.

1

**PARTIES**

4.      Plaintiff resides in Kintnersville, PA (Bucks County).

5.      Defendant is a corporate entity registered to do business in Pennsylvania. According to earnings statements issued to Plaintiff, Defendant is headquartered at 497 Thompson Run Road, Pittsburgh, PA 15235 (Allegheny County).

**FACTS**

6.      Operating under the trade name "Premier Finance Adjustors," Defendant generally is in the business of "repossessing" vehicles, boats, motorcycles, RVs, ATVs, and other property from consumer debtors. *See generally* https://pfa-usa.com/. Defendant operates throughout Pennsylvania and in parts of Delaware, New Jersey, Ohio, and, possibly, West Virginia.

7.      Some of Defendant's employees work, in whole or in part, in the "Camera Car" or "Spotter Car" job position. These employees are responsible for locating vehicles and other property eligible for repossession by Defendant's agents and are commonly referred to as "spotters." We'll use such nomenclature in this Complaint.

8.      Spotters are paid an hourly wage plus extra payments that are not predicated on hours worked and are characterized on earnings statements as "commissions."

9.      Spotters often work over 40 hours per week. On such occasions, Defendant does not pay them any overtime wages for hours worked over 40.

10.     Plaintiff is employed by Defendant and primarily works as a spotter.

11.     Plaintiff's territory mostly includes Eastern Pennsylvania and New Jersey.

12.     Plaintiff's current hourly wage stands at $18. In addition, Plaintiff is eligible for certain "commission" payments that are not predicated on her work hours. These commission

payments include, for example: $25 for each vehicle "spotted" by Plaintiff and ultimately repossessed and $20 for each repossessed vehicle driven by Plaintiff to defendant's storage lot.[1]

13.     Plaintiff, like other spotters, often works over 40 hours per week.  For example, according to Plaintiff's earnings statement for the bi-monthly period beginning on October 16, 2025 and ending on October 31, 2025 (16 days), Plaintiff worked 115.1 hours.  Likewise, according to Plaintiff's earnings statement for the bi-monthly period beginning on February 16, 2025 and ending on February 28, 2025 (13 days), Plaintiff worked 130 hours.

14.     Plaintiff, like other spotters, does not receive any overtime wages for hours worked over 40 per week.  Plaintiff recently complained about Defendant's failure to pay overtime wages.  In response, Defendant's Vice President instructed Plaintiff to "refer to the employee manual which you signed which clearly states that no overtime will be paid."

15.     In failing to pay overtime wages to Plaintiff and other hourly employees, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, moreover, violated the PMWA.

<u>CLASS/COLLECTIVE ALLEGATIONS</u>

16.     Plaintiff brings this lawsuit on behalf of herself and other individuals employed by Defendant as spotters (including, *inter alia*, individuals listed as holding the "Camera Car" or "Spotter Car" position in-whole or in-part) during any week since January 27, 2023.  The FLSA claim covers all such individuals without regard to their state of employment, while the PMWA claim covers all such individuals residing in Pennsylvania.

17.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and

---

[1]   Plaintiff also receives commissions for work associated with certain "lot attendant" duties. These commissions include, for example:  $15 for each vehicle key "programmed" by Plaintiff and $15 for each vehicle or property "redemption" from the storage lot.

other collective members, having worked pursuant to the common policies and practices described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18.    Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, Federal Rule of Civil Procedure 23's class action requisites are satisfied with respect to the class members.

19.    The class, on information and belief, includes over 40 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

20.    Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

21.    Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

22.    Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common business policies and practices, as referenced herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

23.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

24.     All previous paragraphs are incorporated as though fully set forth herein.

25.     The FLSA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

26.     Defendant is an employer required to comply with the FLSA's overtime pay mandate, and Plaintiff and the collective members are employees entitled to the mandate's protections.

27.     Defendant violated the FLSA by failing to pay Plaintiff and the collective members overtime wages for hours worked over 40 per week.

28.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II – PMWA

29.     All previous paragraphs are incorporated as though fully set forth herein.

30.     The PMWA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

31.     Defendant is an employer required to comply with the PMWA's overtime pay mandate, and Plaintiff and the class members are employees entitled to the mandate's protections.

32.     Defendant violated the PMWA by failing to pay Plaintiff and the class members overtime wages for hours worked over 40 per week.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief: (i) the payment of all overtime wages; (ii) all liquidated damages available under the FLSA; (iii) prejudgment interest; (iv) reasonable attorney's fees and costs; and (v) such other relief as the Court deems just and proper.

Date: January 27, 2026                    Respectfully,

_____

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying

FLSA action.  I understand that I will be bound by the judgment of the Court on all

issues in this case.

*Chastidy Lear*

_____

Signature – Chastidy Lear

The signed document can be validated at https://app.vinesign.com/Verify